**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3194
_____

UNITED STATES OF AMERICA

v.

DIANTHE MARTINEZ-BROOKS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-18-cr-00038-001
District Judge: Honorable Jose L. Linares

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 2, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed: March 16, 2020)
_____

OPINION[*]
_____

SMITH, *Chief Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pursuant to a written plea agreement, Dianthe Martinez-Brooks pleaded guilty to a scheme to defraud the Newark Watershed Conservation and Development Corporation ("NWCDC") of honest services, money, and property through the use of interstate wire transmissions, in violation of 18 U.S.C. §§ 2, 1343, 1346. Martinez-Brooks appeals from the District Court's judgment and sentence. Since Martinez-Brooks waived her right to appeal, we will affirm.

Because Martinez-Brooks's plea agreement contained an appellate waiver, we focus our analysis on the enforceability of that waiver.[1] We will enforce an appellate waiver "where [1] the issues on appeal fall within the scope of the waiver and [2] the defendant knowingly and voluntarily agreed to the waiver, unless [3] enforcing the waiver would work a miscarriage of justice." *United States v. Castro*, 704 F.3d 125, 135 (3d Cir. 2013) (alterations in the original) (internal quotation marks omitted).

First, Martinez-Brooks claims that the District Court inappropriately applied a four-point enhancement under U.S.S.G. § 2C1.1(b)(3) because the NWCDC was not a public entity. This issue, however, falls within the scope of the appellate waiver for several reasons: (1) Martinez-Brooks stipulated to the use of U.S.S.G. § 2C1.1(b)(3); (2) she waived the right to appeal if she received a sentence below a stipulated range, which she did; and (3) she waived the right to challenge any stipulation that the District Court accepted.

---

[1] This appeal is from a final sentence and judgment in a criminal case. The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Second, the record indicates that Martinez-Brooks knowingly and voluntarily waived her appellate rights. To hold that an appellate waiver was knowing and voluntary, this Court must be "satisfied that the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." *United States v. Mabry*, 536 F.3d 231, 239 (3d Cir. 2008) (alterations in the original) (internal quotation marks omitted). The written plea agreement and hearing transcript demonstrate that Martinez-Brooks understood the waiver. The District Court engaged in a thorough and detailed plea colloquy with Martinez-Brooks before accepting the guilty plea, including an examination of whether Martinez-Brooks appreciated the nature of the appellate rights being waived. Martinez-Brooks told the District Court that she understood the consequences of her waiver, and the District Court was satisfied that she understood her rights. We agree and therefore conclude that the waiver was knowing and voluntary.

Third, we discern no error that amounts to a miscarriage of justice.[2]

We will therefore affirm the District Court.[3]

---

[2] We consider the following factors when determining whether the waiver results in a miscarriage of justice: "[T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (alterations in the original).

[3] Appellant's reliance on *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), is misplaced. *Rosales-Mireles* is about Rule 52(b), not appellate waiver. Moreover, the double-counting mistake in *Rosales-Mireles* is unlike the alleged error in this case.